[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST FOR LEAVE TO AMEND
FACTUAL BACKGROUND
The plaintiffs, Deanna A. Knopka and Amy M. Goss, filed a three count complaint dated April 16, 1994, against the defendants Alvin D. Gordon and Elm City Plumbing Supply, Co. The plaintiffs are former employees of the defendant Elm City Plumbing Co., of which Alvin D. Gordon is an employee and the President. The plaintiffs alleged wrongful conversion in the first count, violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110 et seq., in the second count, and a class action for a violation of CUTPA in the third count. CT Page 5232
In the first count, for wrongful conversion, the plaintiffs alleged that "in conjunction with said employment [they] received salary and benefits, which benefits included annuity contracts with John Alden Life Insurance Company." The plaintiffs allege that the annuity in the name of the plaintiff Knopka is contract number 0007059387a and that the annuity in the name of plaintiff Goss is contract number 0007078723a. The plaintiffs allege that they did not receive these annuities when their employment ended and that the annuities were wrongfully converted by the defendants. The plaintiffs allege that they are entitled to treble damages under General Statutes § 52-564. Count two of the complaint alleged a Connecticut Unfair Trade Practices Act (CUTPA) violation and count three alleged a class action for CUTPA violations.
On June 20, 1994, the defendants filed a motion to strike the entire complaint. The court, Gordon, J., denied the motion as to count one because "the existence of an ERISA plan is a question of fact," because "[a]dditional facts, outside the complaint[,] are necessary to determine whether the facts alleged here constituted an employee welfare benefits plan" and because, as to the first count, "the motion is a `speaking demurrer.'" As to counts two and three, the court granted the motion because "the dispute arises solely out of an employment relationship." The court further ruled that "[i]n a light most favorable to plaintiff, sufficient facts are plead to invoke § 52-564." The defendants filed their answer and two special defenses on November 22, 1994, and the plaintiff filed a reply to the special defenses on January 27, 1995.
On January 24, 1995, the plaintiffs filed a request for leave to file an amended complaint to add a second count. This second count alleges a violation of the Employee Retirement Income Security Act (ERISA). On February 2, 1995, the defendants filed an objection to the plaintiffs' request for leave to amend. The defendants object pursuant to Practice Book §§ 176(c), 155, and 137 and argue that they stated in their motion to strike that the plaintiffs' claim for employment benefits was pre-empted by ERISA and that the plaintiffs had responded by stating that "the plaintiffs' claims do not relate to employment benefits as defined in" ERISA and are not preempted. The defendants argue that the plaintiffs now seek to amend their complaint to allege a violation of ERISA and that this cannot be done in good faith. The defendants argue that "[t]he plaintiffs are not entitled by P. B. § 137 to plead `in the alternative' two remedies one of which, as a matter of federal law, pre-empts the other one." CT Page 5233
On February 7, 1995, the plaintiffs filed a "Memorandum of Law In Response To Defendants' Objection To Request For Leave To Amend Dated January 30, 1995." The plaintiffs, referring to the court's decision on the motion to strike, maintain that it is a question of fact whether there was an ERISA plan and that additional facts not in the complaint are necessary to decide this question of fact. The plaintiffs argue that a pleader may allege alternative pleadings in good faith when he "`does not know all the facts necessary to make an election'" and argue that they lack the facts necessary to make an election.
DISCUSSION
Practice Book § 176(c) states that a party may amend his pleadings "[b]y filing a request for leave to file such amendment, with the amendment appended. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing, specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall . . . be filed with the clerk within the time specified above and placed upon the next short calendar list." Here, the defendants filed a timely objection to the plaintiffs' request.
The defendants argue that the plaintiffs must not be permitted to plead a violation of ERISA when they specifically argued in their memorandum in opposition to the defendants' motion to strike that their claims do not relate to ERISA and therefore are not preempted by ERISA. (Defendants' Objection To Request For Leave To Amend, pp. 1-2.) The defendants argue that the plaintiffs may not plead ERISA in good faith as Practice Book § 137 requires. (Defendants' Objection To Request For Leave To Amend, p. 2.)
The plaintiffs counter that in denying the defendants' motion to strike the court, Gordon, J., stated that "`the existence of an ERISA plan is a question of fact . . . Additional facts, outside the Complaint[,] are necessary to determine whether the facts alleged have constituted an employee welfare benefit plan. . . .'" (Plaintiffs' Memorandum In Response To Defendants' Objection, p. 2, quoting the Court's Order, Motion to Strike, October 31, 1994.) The plaintiffs argue that they are filing alternate pleadings in good faith because they lack the facts necessary to elect between them. (Plaintiffs' Memorandum In Response To Defendants' Objection, CT Page 5234 p. 3.) The plaintiffs argue that they are entitled to plead ERISA because either "information will come to light which will suggest that ERISA is the exclusive remedy in this case [or] discovery will show that ERISA has no application to the instant case." (Plaintiffs' Memorandum In Response To Defendants' Objection, pp. 4-5.) The plaintiffs argue that they do not assume that they can recover pursuant to their wrongful conversion and ERISA arguments but rather that, "in the absence of facts which clearly demonstrate that one of the theories is inappropriate," they are entitled to plead both. (Plaintiffs' Memorandum In Response To Defendants' Objection, p. 6.)
Practice Book § 137 states that, "[t]he plaintiff may claim alternative relief, based upon an alternative construction of his cause of action." "[A] party may plead in the alternative, both sets of allegations appearing in the same pleading. . . . [A] plaintiff is allowed to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint. . . . While alternative and inconsistent pleading is permitted, there is a limitation of good faith upon its use. Case law suggests that alternative pleading is justified only when the pleader does not know all the facts necessary to make an election." DeVita v.Esposito, 13 Conn. App. 101, 105, 535 A.2d 364, 367 (1987).
In the present case, count one of the plaintiffs' complaint alleges wrongful conversion and the plaintiffs seek to amend their complaint to add a count alleging a violation of ERISA. There is a question of fact as to whether the facts alleged constitute an employee welfare benefit plan. The plaintiffs may plead the ERISA violation in good faith. Accordingly, the defendants' Objection To Request For Leave To Amend must be overruled.
CONCLUSION
Based on the foregoing, the defendants' Objection To Request For Leave To Amend (#113) is overruled.
So ordered.
Michael Hartmere Judge of the Superior Court CT Page 5235